UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERITAS OPERATING CORPORATION, a Delaware corporation, | CASE NO. C06-0703-JCC |
| Plaintiff, | ORDER |
| v. | |
| MICROSOFT CORPORATION, a Washington corporation, | |
| Defendant. | |
| MICROSOFT CORPORATION, a Washington corporation, | |
| Counterclaim Plaintiff, | |
| v. | |
| VERITAS OPERATING CORPORATION, a Delaware corporation, and VERITAS SOFTWARE CORPORATION, a Delaware corporation, | |
| Counterclaim Defendants. | |

ORDER – 1

This matter comes before the Court on Plaintiff/Counterclaim Defendants Veritas Operating Corporation and Veritas Software Corporation (Veritas)'s Motion for Summary Judgment on Microsoft's Breach of Contract Claim (Dkt. No. 221); Defendant/Counterclaim Plaintiff Microsoft Corporation (Microsoft)'s Response in Opposition (Dkt. No. 298), and Veritas' Reply (Dkt. No. 325). The Court has carefully considered these papers and their supporting declarations and exhibits, and has determined that oral argument is unnecessary. The Court hereby GRANTS the motion and rules as follows.

## I. BACKGROUND

The facts pertinent to this motion overlap with those summarized in the Court's Order of January 24, 2008 (Dkt. No. 398). Accordingly, the Court will not recount them here except as necessary to explain its decision.

## II. APPLICABLE STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the moving party meets this initial burden, then the party opposing the motion must set forth facts showing that there is a genuine issue for trial. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. "In response to a summary judgment motion, . . . the plaintiff can no longer rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts, . . . which for the purposes of the summary judgment motion will be taken to be true." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992);

ORDER – 2

FED. R. CIV. P. 56(e). If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

## III. ANALYSIS

### A. Whether Microsoft's Breach-of-Contract-Related Counterclaims Must Be Dismissed Based on the Parties' Agreed Upon Forum Selection Clause

Veritas argues that Microsoft's counterclaims for breach of contract[1] and for breach of the implied covenant of good faith and fair dealing[2] should be dismissed because Microsoft expressly agreed to a contract provision stating that:

> VERITAS consents to jurisdiction and venue being solely in the state and federal courts sitting in the Western District of the State of Washington with respect to any claim or counterclaim brought by VERITAS in connection with this Agreement. *MICROSOFT consents to jurisdiction and venue being solely in the state and federal courts sitting in the Northern District of the State of California with respect to any claim (including a counterclaim) brought by MICROSOFT in connection with this Agreement.*

(Agreement § 19.3.1 (Dkt. No. 223 at 24) (emphasis added).) According to Veritas, the Court should enforce this "specific, clear, and unambiguous provision" that "was the deal these sophisticated parties struck[.]" (Reply 2 (Dkt. No. 325 at 6).)

Microsoft seeks to avoid the forum-selection clause on several grounds. First, Microsoft argues that Veritas waited too long to assert this argument, and cites the fact that Veritas did not file a motion to dismiss the contract-based counterclaims near June 2006, when Microsoft first filed its counterclaims. (Def.'s Resp. 4 (Dkt. No. 298 at 5).) According to Microsoft, enforcement of the forum selection clause

---

[1] The parties agree that Microsoft's counterclaims regarding patent issues are not subject to dismissal under Veritas' theory because the contract provision at issue applies only to Agreement-related claims and counterclaims.

[2] Microsoft's breach of the duty of good faith and fair dealing counterclaim is subject to the forum selection clause because such a claim can exist only in relation to a specific contract term. *Badgett v. Sec. State Bank*, 807 P.2d 356, 360 (Wash. 1991). As such, the counterclaim is brought "in connection with" the Agreement. (Agreement § 19.3.1 (Dkt. No. 223 at 24).)

ORDER – 3

would be unreasonable because "Veritas waived its right to invoke the forum selection clause by engaging in strategic delay in invoking the clause, which led Microsoft to expend substantial time and resources in discovery." (Def.'s Resp. 5 (Dkt. No. 298 at 6).) Second, Microsoft argues that enforcing the forum selection clause would be unreasonable because moving Microsoft's breach of contract-related counterclaims to another jurisdiction would lead to needlessly duplicative and inefficient litigation, including potentially inconsistent outcomes or possibly even claim preclusion. (*Id.*)

The Court is not persuaded by Microsoft's argument that Veritas waived its right to ask the Court to enforce the forum selection clause. In its Reply to Microsoft's Counterclaims, filed on August 1, 2006, Veritas asserted this exact argument as an affirmative defense:

> Microsoft is barred from asserting its first, second, and fifth through seventh counterclaims in this Court because, under the 1996 Agreement between Microsoft and Veritas . . . , Microsoft must assert any claims (including counterclaims) in connection with the Agreement in the Northern District of the State of California.

(Reply to Counterclaims 6 (Dkt. No. 39).) This should have given Microsoft some indication that Veritas intended to seek enforcement of the clause. The mere fact that Veritas chose to raise this issue again in its motion for summary judgment rather than in a motion to dismiss does not persuade the Court that Veritas waived its right to assert it at all. Further, the Court is unpersuaded by Microsoft's argument that such a delay caused Microsoft to expend substantially more resources in discovery that it would have otherwise done without the existence of its contract-related counterclaims, because Microsoft concedes that "[t]he majority of the parties' extensive discovery relates to *both* Microsoft's counterclaims and to Veritas' underlying claims." (Def.'s Resp. 9 (Dkt. No. 298 at 10) (emphasis added).) Virtually the same discovery is helpful or necessary in Microsoft's preparation of a defense to Veritas' breach of contract claims. Additionally, Microsoft's patent-related counterclaims would in any event still have been part of this litigation.

Moreover, the Court is unpersuaded by Microsoft's arguments that enforcing the bargained-for forum selection clause would be unreasonable under the circumstances. In the Ninth Circuit:

ORDER – 4

forum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is "unreasonable" under the circumstances. The Supreme Court has construed this exception narrowly.

*Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (internal citations omitted).

Specifically, the Ninth Circuit has held that:

[a] forum selection clause may be unreasonable (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought.

*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007) (internal citation omitted).

Microsoft does not argue that the forum selection clause was a product of fraud or overreaching; nor does it argue that enforcement of the clause would contravene a strong public policy of this forum. Rather, Microsoft argues that having to litigate its breach-of-contract-related counterclaims in the Northern District of California would be needlessly duplicative and inefficient, and would risk inconsistent outcomes or even claim preclusion. (Def.'s Resp. 5 (Dkt. No. 298 at 6).)

The Court finds Veritas' position persuasive. Microsoft and Veritas are highly sophisticated bargaining parties, who negotiated at great length the Agreement at issue. They each expressly bound themselves to litigate any potential contract-related counterclaims, if at all, in a different jurisdiction than the forum in which the underlying claims were filed. In so doing, they bargained to be subject to possible claim preclusion. Veritas does not argue that Microsoft's counterclaims should be transferred to another district, but rather that Microsoft is barred from bringing its contract-related counterclaims in this forum. Given the specificity of the forum selection clause, which expressly includes counterclaims, the Court does not deem it unreasonable under the circumstances to hold Microsoft to its word, even if that means Microsoft will not be able to, or will choose not to, bring its counterclaims separately in the Northern District of California. There are many remaining issues in this complicated case to be resolved by this Court and the fact-finders, and the Court does not find it unjust to narrow this case according to the

ORDER – 5

parties' unambiguous, express agreement.

### B. Veritas' Other Arguments Regarding Microsoft's Breach of Contract Counterclaims

Veritas argues alternatively that Microsoft's breach of contract counterclaims are barred by the statute of limitations and by waiver. (Pl.'s Mot. 4–9 (Dkt. No. 221 at 7–12).) Additionally, Veritas posits that no prejudgment interest is available for development expenses, and that Microsoft should be barred from seeking "unpaid royalties." (*Id*. at 9–11.) The Court finds that these issues are mooted by its decision to dismiss Microsoft's breach of contract counterclaims, and therefore does not address them.

## IV. CONCLUSION

For the foregoing reasons the Court hereby GRANTS Veritas' Motion for Summary Judgment on Microsoft's Breach of Contract Claim (Dkt. No. 221). Accordingly, Microsoft's counterclaims for breach of contract and for breach of the duty of good faith and fair dealing are hereby DISMISSED.

DATED this 7th day of February, 2008.

John C. Coughenour
UNITED STATES DISTRICT JUDGE